UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-6003-CR-MARRA

UNITED STATES OF AMERICA

v.

JUAN SEBASTIAN CHAVEZ,

        Defendant.

_____/

## AGREED FACTUAL BASIS FOR PLEA

Had this case proceeded to trial, the parties agree that the United States would have proven the following facts beyond a reasonable doubt:[1]

On January 2, 2015, law enforcement was logged on to a law enforcement version of ARES, a peer to peer (P2P) file sharing network, and observed that IP address 75.74.223.125 was advertising numerous images and videos of suspected child pornography between November 8, 2014, and January 7, 2015. The Internet Service Provider (ISP) for the listed IP address is Comcast Communications.

Law Enforcement sent a subpoena to Comcast requesting the identity of the subscriber assigned to IP address 75.74.223.125 between November 8, 2014 and January 7, 2015. Comcast identified the subscriber as Juan Suarez located at 5223 N Dixie Hwy Apt A1 in Oakland Park, Florida, 33334. Comcast also notified law enforcement the subscriber above, Juan Suarez, was assigned IP address 50.140.46.79 between October 1, 2014 through October 16, 2014. Between October 1, 2014 and October 16, 2014, law enforcement also observed this IP address advertising

---

[1] These are not all of the facts that the United States would have proven

1

child pornography videos on the ARES P2P network.

Law enforcement conducted surveillance at 5223 N Dixie Hwy Apt A1 in Oakland Park, Florida, 33334, which is CHAVEZ's residence, and observed CHAVEZ arrive in a white Nissan, which is registered to the above Comcast subscriber, Juan Suarez. During the course of this investigation, it was determined that the computer advertising child pornography images at CHAVEZ's residence was also advertising numerous child pornography images from the condominium complex CHAVEZ worked at. Both addresses had the same username and contained some of the same shared child pornography videos.

Law enforcement subsequently obtained a search warrant for CHAVEZ's residence as well as the car that CHAVEZ was driving. On March 4, 2015, the warrants were executed. Law enforcement seized several items including CHAVEZ's cellular telephone, a thumb drive, and a Hewlett Packard laptop computer. CHAVEZ was interviewed by law enforcement and waived his Miranda rights. CHAVEZ admitted to using the ARES P2P file sharing program on the Hewlett Packard laptop computer in his possession. CHAVEZ also admitted having a working knowledge of file search terms and file downloads. CHAVEZ ultimately admitted to viewing child pornography. CHAVEZ positively identified certain child pornography file names that existed on his computer and admitted to using search terms indicative of child pornography, such as "mafia" and "pthc," to obtain files. CHAVEZ also admitted to transferring child pornography files from his laptop computer onto the thumb drive located within this backpack. CHAVEZ stated he had videos depicting children between the ages of four and six years old. A preliminary forensic preview of the Hewlett Packard laptop computer and thumb drive was conducted while law enforcement was on scene with CHAVEZ. Law enforcement reviewed ten files each containing at least one video depicting child pornography on the laptop computer and an additional ten child pornography files

on the thumb drive. CHAVEZ was arrested and subsequently charged. A comprehensive forensic examination of the all items seized pursuant to the search warrant was then initiated by a Computer Forensic Examiner.

Child pornography images on CHAVEZ cell phone were recovered. These images were located in the cache of the camera function of the cell phone in the deleted space. This area of the phone holds images that are captured by the cell phone's camera. These images included several innocuous images of two female children playing, two images of CHAVEZ kissing one of the female children on the mouth, a facial image of CHAVEZ, as well as several close up images of a prepubescent female child's genital area displayed in a lewd and unnatural manner. The same two female children appear in many of the images. Several of the child pornography images had a distinct background which was compared to the background of CHAVEZ's residence. The background of the child pornography images match CHAVEZ's bedroom and living room in his Oakland Park, Florida residence.

Law enforcement was able to determine the identity of the two minor children depicted in the images. The children were identified as sisters A.M., born in 2002, and L.S., born in 2006. It was determined that L.S. and A.M. both resided with CHAVEZ between April 2014 and September 2014. The children entered the United States with a visitation visa from Colombia, and resided with CHAVEZ and his family in Florida for an extended vacation. Travel records provided by the Department of Homeland Security confirm travel for these children to the United States from Columbia April 2014 through September 2, 2014.

Both children were interviewed by law enforcement. A.M. disclosed to law enforcement that on her last day in the United States with CHAVEZ, he gave her his cell phone and instructed her to take several photographs of her breasts and vagina, which she did. CHAVEZ told A.M. he

3

wanted her to take the photos because he had given her so much and didn't have anything of hers in return. Minor L.S. during her interview with law enforcement stated that CHAVEZ took several pictures of her with his cell phone while she was standing up naked, and saw him use a cable to transfer the pictures on to a laptop computer.

On January 20, 2017, the comprehensive examination of CHAVEZ's cellphone was completed. The data extracted revealed that the child pornography images depicting victim A.M. were originally produced September 1, 2016. All of the above facts occurred in Broward County in the Southern District of Florida.

The defendant and his attorney acknowledge by their signatures below that they have reviewed the stipulated facts with each other and agree with the accuracy of the facts as recited herein above.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 10/27/17    By: _____
JODI L. ANTON
ASSISTANT UNITED STATES ATTORNEY

Date: 10/27/17    By: _____
ROBERT PEREZ, ESQ
COUNSEL FOR DEFENDANT

Date: 10/27/17    By: _____
JUAN SEBASTIAN CHAVEZ
DEFENDANT

4